UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Valerie R. Langley

V

Department of Children and Families
Ellen M. Patashnick, Area Director
Judith E. Macmunn, Area Program Manager
Beth A. Ferrando, Area Program Manager
Paul G. Fitzsimons, Regional Director

COMPLAINT

1. The plaintiff is a resident of Springfield, Hampden County, Massachusetts at 191 Boston Road, Apartment 3 and a citizen of the United States.

2. The defendant is the Department of Children and Families Robert Van Wart Area Office located at 112 Industry Avenue, Springfield, MA 01104 and Central Office %Muriel Ann Finnegan, Esquire located at 24 Farnsworth Street, Boston, MA 02210

3. The defendant Ellen Patashnick is a resident of Springfield, Hampden County, Massachusetts at 61 Endicott Street and a citizen of the United States.

4. The defendant Judith MacMunn is a resident of Westfield, Hampden County, Massachusetts at 288 North Road and a citizen of the United States.

5. The defendant Beth Ferrando is a resident of Belchertown, Hampshire County, Massachusetts and a citizen of the United States.

6. The defendant Paul Fitzsimons is a resident of Enfield, Hartford County, Connecticut at 12 Eileen Lane and a citizen of the United States.

## Jurisdiction

7. This Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination, which was dismissed. In its notice to the Plaintiff, it provided information on suit rights and that filing should take place in the United States District Courts for the District of Massachusetts.

## Facts

8. In 1999 I was transferred from the Springfield Area Office to the Robert Van Wart Area Office of the Department of Children and Families (formerly the Department of Social Services). Ellen M. Patashnick was the Area Director at the time of my transfer and continues in this position. While employed at the Robert Van Wart Area Office two of my supervisors were Area Program Managers Judith MacMunn and Beth Ferrando. These two Managers consistently discriminated against me, harassed me, slandered me, undermined my authority, persecuted me, falsely accused me, held me to a different standard than other supervisors and overall created a hostile work environment for me until in August 2008 when I felt I had no other recourse but to resign in order to maintain my sanity. I repeatedly sought relief from the Area Director, Ellen M Patashnick and Regional Director, Paul G Fitzsimons. I received no relief.

9. After the fourteen-month long period of stress I suffered under the supervision of Area Program Manager, W.T.Wilkins (who is no longer employed at DCF and whose whereabouts are unknown and therefore not included in this suit), I was diagnosed with Post Traumatic Stress Disorder and ordered to reduce my work schedule from full-time to part-time for one month in May 2002. On September 25, 2001 I was referred to a specialist who diagnosed me with Fibromyalgia triggered by the daily stress of his supervision. I brought my concerns to both the Union and to the Area Director. The Union President, Phillip Leduc, informed me that when he discussed these concerns with Area Director Patashnick she stated that she was aware of the situation but did not want to get involved between one of her managers and supervisors.

10. Between 2002 and 2004, I had three supervisors Area Program Managers Kathleen Burns, John Whalen and Robert Moore who had no complaints about my work or me. Also of note is that during my three years of employment at the Springfield Area Office of DCF/DSS there were also no complaints about my work or me, which is documented by annual evaluations. This is also true for my previous work social work experience and as a middle school teacher as well as in my employment since leaving DCF where my evaluations have always been exemplary.

11. Under the supervision of Area Program Manager Ferrando I was required to dock my timesheet for being only minutes tardy between 8:45 and 9:00, which was not

required of the White and Latino Supervisors at the Van Wart area office. Area Director Patashnick approved this discriminatory practice.

12. In November 2006, Ms. Patashnick suspended me without pay for allegedly not maintaining professional boundaries with clients. I am aware of similar situations with other staff that have not been similarly disciplined. 1 contend that my actions were based on concerns for the children's best interest to meet the clinical needs of the client. The investigation report written by Diane Lynch-Bartek had inaccuracies, omissions, issues of credibility and prejudicial statements that appeared to be an endeavor to support Area Director Patashnick's allegations rather than doing the job of fact finding and submitting those facts in an impartial, objective report.

13. Under the supervision of Area Program Manager Ferrando, she repeatedly made efforts to undermine my authority with my supervisees. Some of the occasions in which this occurred were on January 4, 2007 with my supervisee Social Worker Dawn Cincotta, on March 26, 2007, with one of my supervisees, Social Worker Aracelis Guzman-Serrano, and on July 23, 2007, with my supervisee Social Worker, Michael Kane.

14. Social Workers I have supervised have informed me of: an incident when Area Program Manager Beth Ferrando gossiped about me with a Social Worker Lilliana Oliveras, that Area Program Managers Judith MacMunn and Beth Ferrando would question them with the intent of soliciting negative information

about me; Beth Ferrando made a threat against me in conversation with Social Worker Dawn Cincotta "I'm going to get her (plaintiff)

15. In June 2007, a 51A was incorrectly entered in the system as me being the reporter. I informed both Area Director Ellen. Patashnick and Area Program Manager Beth Ferrando of this error in this legal matter and they ignored me. To my knowledge this inaccurate information on this legal document still exists.

16. On June 19, 2007 Area Program Manager Ferrando informed me that I could not leave the office that week due to the needs of the unit. This was contrary to normal operating procedures within the Van Wart area office and more creation of the hostile work environment for me.

17. On August 29, 2007, I informed Area Director Ellen Patashnick and Area Program Manager Beth Ferrando that I was supervising a case, which I learned was a family member. This was, of course, a conflict of interest and violated office practice. Management did not take any action to transfer this case from my supervision.

18. On October 4, 2007, I filed an incident report with Area Director Ellen Patashnick about not feeling safe with Area Program Manager Beth Ferrando. Area Director Patashnick never responded to me about the report, which is a violation of Department practice and policy.

19. While on vacation from December 31, 2007 through January 22, 2008, I decided to attend the January 9, 2008 workshop I was approved to attend prior to submitting my vacation request. Both Area Program Manager Ferrando and Area Director Patashnick called me away from the workshop to testify in a court proceeding of which I had no first hand information. The actions taken did not follow office protocol but was further actions taken by management to harass and create a hostile work environment.

20. On January 15, 2008 I learned that Area Program Manager Beth Ferrando had breached my confidentiality regarding information shared with her during supervision regarding one of my supervisees, Melissa Meyer. I raised my concerns with Area Director Patashnick who immediately dismissed them with the exception of wanting to know how I found out about the disclosure by Area Program Manager Ferrando to Social Worker Meyer.

21. In a meeting on January 22, 2008 with Area Director Patashnick and Area Program Manager Ferrando, I was instructed that I was responsible to do the tasks of a Social Worker by doing all the collateral calls and prepare a report regarding the status of the case. I was given a two-week time frame to complete these tasks. This was after returning from a three-week vacation and needing to catch up on what had transpired in my absence as well as provide supervision on the current activity on the cases. I was denied assistance on this from interns in the office

and was informed that these tasks could not be assigned to Social Worker Collette Bussiere who is a DCF Veteran who had a caseload of only 10.5 when the contract reads a maximum of 18 cases.

22. On January 28, 2008 in a meeting with Area Director Patashnick and Office Manager, Charles Miller, I was informed that I was being reassigned to Area Program Manager MacMunn from whom I had asked a transfer from in 2005 due to her creation of a hostile work environment for me. This reassignment to a manager, who I had expressed my anguish to Area Director Patashnick about when previously under her supervision, is clearly more of the insidious discriminatory, hostile acts towards me. When I met for supervision with Area Program Manager MacMunn on February 8, 2008, I requested that she complete my recommendation for me take the LICSW examination based on the needed 50 hours of supervision from someone who holds their LICSW. She said she would be unable to recommend me as a result of our previous work together in 2004-2005. Clearly she was biased against me. How could I possibly receive honest, objective supervision from this manager? During supervision on April 24, 2008, Area Program Manager MacMunn informed me that she and Area Director Patashnick decided to reassign Collette Bussiere's caseload who was on a two-week medical leave. During this meeting, Area Program Manager MacMunn instructed me that I was responsible to write the transfer summary for all 18 cases as well as responsible to write up the service plans that had expired. These social worker tasks were assigned to me after the filing of a complaint to MCAD. These

actions appeared punitive in nature and continue to add to the trauma I experienced in this hostile work environment. These unjust acts had a debilitating affect on my health and on April 28, 2008, I had to call out of work due to having lost my voice.

23. I lost sick time when I was required by Area Program Manager MacMunn to get a doctor's note after being out only three days sick. The contract requires a doctor's note after five days, which makes that request by Area Program Manager MacMunn that was supported by Area Director Patashnick blatant discrimination as well as a violation of the contract.

The relief I am seeking from the court is $881,433.50. To prevent further deterioration of my mental health at the hands of the defendants, I took an early retirement in July 2008 at the age of 55, ten years earlier than I planned to retire. At the time of my retirement I left a job in which I was earning $72,297.42 annually. I therefore lost potential earnings including a 2% cost of living raise of $737,433.50. The pain and suffering I endured and from which I continue to suffer as evidenced by my current mental state as I prepare this complaint is beyond any known monetary value. In order to name a figure, I calculated the number of items in the complaint (16) by $1000 for every year employed at the Robert Van Wart area office of the Department of Children and Families (9) which amounts to $144,000.00 added to lost earnings totals $881,433.50.

*Valerie R. Bagley*
191 Boston Road
Apartment 3
Springfield, MA 01109
413-783-7009